*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 11th day of April, 2019.*

Present:  All the Justices

James B. Spear, Jr.,                                                                      Appellant,

 against                          Record No. 180224
                                 Court of Appeals No. 0064-17-4

Nawara T. Omary,                                                                      Appellee.

                                                      Upon an appeal from a judgment
                                                      rendered by the Court of Appeals of
                                                      Virginia.

        This appeal arises from a Court of Appeals decision affirming a judgment of the circuit court, which held that the juvenile and domestic relations district court ("JDR court") had no jurisdiction to modify an award of child support because the case had never been expressly remanded to the JDR court for this purpose.  On appeal, James Spear argues that the JDR court did have jurisdiction because he had earlier withdrawn an appeal from the JDR court to the circuit court.  The remand, Spear contends, happened automatically by operation of law.  We agree and reverse.

                                                      I.

        Spear and Nawara Omary were divorced by an order of the circuit court in 2010.  The final order of divorce incorporated their Support, Property and Custody Agreement, in which Spear agreed to pay $3,500 per month in child support for the parties' two children.  In 2011, the circuit court granted a motion by the Department of Social Services, Division of Child Support Enforcement ("DCSE") to reopen the case, intervene in the matter, and transfer the case to the JDR court.  The order stated "[t]hat the establishment, modification and enforcement of child support and maintenance . . . shall be transferred forthwith to the [JDR court] which is hereby found to be an appropriate forum."  J.A. at 21.

        In 2013, Spear noted an appeal to the circuit court after the JDR court had denied his request to modify child support that had alleged a material change in circumstances.  He subsequently withdrew that appeal, and the circuit court's order stated, in its entirety, "Defendant

JAMES B. SPEAR, JR. hereby withdraws his appeal in the above captioned matter; it is therefore ORDERED AND ADJUDGED, that the appeal in the above captioned matter is hereby withdrawn." *Id.* at 24.

In 2015, DCSE filed a motion in the JDR court to modify the child support order, also alleging a material change in circumstances. In March 2016, the JDR court granted the motion and reduced Spear's child support obligation to $1,088 per month, finding that Spear's "income ha[d] been decreasing" while Omary's had "increased." *Id.* at 32-34 (the "2016 Order"). Omary noted her appeal to the circuit court and argued that the JDR court had never possessed jurisdiction to enter the 2016 Order. The circuit court agreed, vacated the 2016 Order, and dismissed the case — thereby leaving the child support obligation in the divorce decree "in full force and effect." *Id.* at 45. Spear appealed to the Court of Appeals, which affirmed the circuit court's ruling in an unpublished opinion.

## II.

Spear argues on appeal that Code § 16.1-106.1(F), by "operation of law," effects an "automatic remand" whenever a circuit court enters an order noting the appellant's withdrawal of an appeal from the JDR court. Appellant's Br. at 9, 11-16, 19-20. For this reason, Spear contends, both the Court of Appeals and the circuit court erred by concluding otherwise and by holding that the circuit court, not the JDR court, had jurisdiction to modify the child support order. We agree.

Code § 16.1-106.1(F) states, in relevant part, that when a party withdraws an appeal from the JDR court, "[u]nless the circuit court orders that the case remain in the circuit court, the case shall be remanded to the [JDR] court for purposes of enforcement and future modification and shall be subject to all the requirements of § 16.1-297." Code § 16.1-297, in turn, states in relevant part that "[u]pon the rendition of final judgment upon an appeal from the [JDR] court, the circuit court shall cause a copy of its judgment to be filed with the [JDR] court within twenty-one days of entry of its order" and that "[i]n the event such circuit court does not dismiss the proceedings or discharge [the] child or adult, the circuit court may remand the child or adult to the jurisdiction of the juvenile court."

We find that Code § 16.1-106.1(F) does not require a circuit court to expressly remand a matter to the JDR court upon a withdrawn appeal. Instead, that statute states that "[u]nless" the circuit court specifically articulates in its withdrawal order that the case will remain within its

2

jurisdiction, "the case shall be remanded to the [JDR] court." Code § 16.1-106.1(F). This provision gives the circuit court the power to order that the case "remain" within its jurisdiction, *id.*, but requires that the case be remanded to the JDR court if the circuit court fails to exercise that power. The requirement in Code § 16.1-297 that the circuit court, "[u]pon the rendition of final judgment," file a copy of its judgment with the JDR court does not affect our conclusion that Code § 16.1-106.1(F) operates to remand the case by operation of law, without more. No such final judgment was rendered in this case. Thus, when the circuit court failed to expressly retain jurisdiction, Code § 16.1-106.1(F) operated to remand the case to the JDR court.

For this reason, the JDR court had jurisdiction to enter the 2016 Order, and the circuit court and the Court of Appeals erred by holding otherwise. We reverse the judgment of the Court of Appeals, vacate the circuit court's order annulling the JDR court's 2016 Order, and remand the case to the circuit court for proceedings consistent with the views expressed herein.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and the Circuit Court of Fairfax County.

_____

JUSTICE KELSEY, with whom JUSTICE McCLANAHAN joins, dissenting.

I agree with the circuit court and the Court of Appeals. Both courts held that Code § 16.1-106.1(F) does not, by operation of law, automatically remand a case to the JDR court upon the withdrawal of an appeal. *See Spear v. Omary*, Record No. 0064-17-4, 2018 WL 414222, at *3, 6 (Va. Ct. App. Jan. 16, 2018) (unpublished). The statute provides that, unless the circuit court expressly retains jurisdiction, "the case shall be remanded to the [JDR] court." Code § 16.1-106.1(F). In this case, the circuit court did not comply with the "shall" command because the circuit court's order — which Spear's counsel drafted and submitted to the court — did not remand the case. Spear solves this problem by postulating that the court did not need to expressly remand the case. The remand happened automatically. In other words, because the remand was supposed to happen, it did happen.

It seems unlikely that the use of the passive-voice verb "shall be remanded" renders the *remand* self-executing and thus requires no action whatsoever by the remanding court. At best, this interpretation would be an uncommon usage of that expression and, at worst, it would be an unheard-of usage. Consider, for example, Code § 19.2-324.1, which states that a criminal "case shall be remanded for a new trial" if a "reviewing court determines that evidence was

3

erroneously admitted" at trial "and that such error was not harmless." No one has ever suggested that the mere issuance of an appellate opinion reversing an evidentiary ruling need not be accompanied by a remand order. To be sure, the reason that appellate courts expressly order remands is because remands do not happen automatically. The very word "remanded" presupposes a remanding court ordering the remand.

Good grammar, as well as common usage, should play a role in our interpretation of "shall be remanded" in Code § 16.1-106.1(F). Because courts presume "in the first instance, that the legislature understood the rules of grammar and the use of language," Henry Campbell Black, Handbook on the Construction and Interpretation of the Laws § 55, at 148 (2d ed. 1911), "[w]ords are to be given the meaning that proper grammar and usage would assign them," Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 140 (2012).

"Shall be remanded" is a passive-voice verb, which means that the subject of the sentence, "case," is *receiving* the action of the verb.[1] "Shall be remanded" is also a transitive verb that requires an object upon which the action of the verb is exerted in order to express a complete thought.[2] This grammatical structure in Code § 16.1-106.1(F) requires an actor (the circuit court) to perform the action (remanding) upon the subject of the sentence (the case). The actor of a passive-voice verb may be omitted entirely from the sentence, *see, e.g.*, The Chicago Manual of Style, *supra* note 1, § 5.115, at 235 (giving "*his tires were slashed*" as an example of omitting the actor entirely from the sentence), or can be the object of a prepositional phrase at the end of the sentence, *see, e.g.*, *id.* (giving "*the tree's branch was broken by the storm*" as an example of naming an actor by the object of a prepositional phrase and noting that "the subject *branch* does not break itself — it is acted on by the object *storm*").

Here, Code § 16.1-106.1(F) omits entirely the actor of the action "shall be remanded." However, this omission does not mean that the remand occurs automatically. Rather, the omission means only that the actor of the remand is understood from the context of the sentence.[3] The case cannot remand itself. An actor — the remanding authority — must perform

---

[1] "Voice shows whether the subject acts (active voice) or is acted on (passive voice) — that is, whether the subject performs or receives the action of the verb. Only transitive verbs are said to have voice." The Chicago Manual of Style § 5.115, at 235 (16th ed. 2010).

[2] *See id.* § 5.96, at 229 (defining "transitive verb").

[3] *See* Bryan A. Garner et al., The Redbook: A Manual on Legal Style § 10.27, at 198 (3d

the remanding. In this case, however, the circuit court, as the remanding authority, did not remand the case to the JDR court.

Even if common usage and grammar both fail us, the last phrase of Code § 16.1-106.1(F) finishes the interpretative task. That phrase adds that "the case . . . shall be subject to all the requirements of § 16.1-297." Code § 16.1-297 requires the circuit court to file a copy of its "judgment" with the JDR court within 21 days after the entry of a "final judgment upon an appeal from the [JDR] court." And where, as here, an appellant files an uncontested withdrawal request in the circuit court, Code § 16.1-106.1(C) directs the circuit court to "enter an order disposing of the case in accordance with the judgment or order entered in the district court."[4] That circuit court order "disposing of the case" under Code § 16.1-106.1(C) is the "final judgment" to which Code § 16.1-297 applies under Code § 16.1-106.1(F). *See, e.g.*, Fairfax Cir. Ct. R. 2:28 (stating that if the circuit court approves of the withdrawal of an appeal, "the Circuit Court will enter an order reaffirming the judgment entered in the General District Court" but that "[t]he case remains in the Circuit Court").[5]

In this case, the circuit court did not reaffirm the JDR court's judgment after the withdrawal of the appeal, did not file its reaffirmation order with the JDR court, and did not remand the case to the JDR court. The circuit court thus completed none of the requirements listed in the governing statutes. I cannot agree with Spear that one of those three

---

ed. 2013) ("A *by*-prepositional phrase often accompanies the construction; when it does not appear, it can be understood from the context.").

[4] Code § 16.1-133 codifies a parallel process for the withdrawal of criminal appeals from the JDR court when the withdrawal occurs "more than ten days after conviction." Model orders in this context recite that the circuit court "affirms the [JDR court] judgment previously on appeal" and that "[t]his case and the [juvenile or adult] are remanded" to the JDR court. *See* Office of the Exec. Sec'y, Supreme Court of Virginia, A Handbook of Standard Procedures and Model Orders for Virginia Circuit Court Judges and Clerks § IV, at 51-52 (2013 ed.).

[5] *See also* Dep't of Judicial Servs., Office of the Exec. Sec'y, Circuit Court Clerks' Manual – Civil 6-55 (Jan. 2019 rev.) (stating that, absent a timely objection, "the appeal shall be deemed to be withdrawn" and that "[t]he court shall order disposing of the case in accordance with the judgment or order entered in the district court"); Dep't of Judicial Servs., Office of the Exec. Sec'y, Circuit Court Clerks' Manual – Criminal 2-10 (July 2018 rev.) ("If the appeal is withdrawn more than ten days after the district court conviction date, the circuit court must enter an order affirming the district court judgment . . . ."); *id.* at 6-4 (Jan. 2019 rev.) ("If an appeal is withdrawn more than ten days from the date of conviction in the district court, the judgment is affirmed in the circuit court as a circuit court judgment.").

requirements — a remand of the case to the JDR court — simply happened "automatically," Appellant's Br. at 11, 20; *see also* Reply Br. at 1, while the other two did not need to happen at all.

I respectfully dissent.

A Copy,

Teste:

Douglas B. Robelen, Clerk